UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| PATRICIA CONRAD, ET AL. | : | |
| Plaintiffs, | : | |
| V. | : | CASE NO. 3:03-CV-1414 (RNC) |
| TOWN OF SOUTH WINDSOR, | : | |
| Defendant. | : | |

RULING AND ORDER

Plaintiffs, residents of the Town of South Windsor, bring this action pursuant to 42 U.S.C. §§ 1983 and 1988 alleging that the Town has deprived them of their Fourteenth Amendment right to equal protection by prohibiting them from housing pet goats on their property while allowing another family in the Town to do so on a comparable parcel of land. The Town has moved for dismissal on the ground that the action is not ripe or, alternatively, for summary judgment on the ground that the plaintiffs cannot prove that they have been subjected to disparate treatment. I agree that the ripeness doctrine applies and warrants dismissal of this action for lack of jurisdiction. Accordingly, the motion is granted.

I. Background

Plaintiffs own and reside on a parcel of land of approximately 2.75 acres. Since 1992, they have kept one or two goats on the property as pets for their son. In 1998, they built a structure in the rear of the property to house the goats. A Town

Zoning Enforcement Officer was asked whether the structure violated section 4.1.4.e of the Zoning Regulations, which deals with buildings for housing animals. The Officer sought clarification from the Planning and Zoning Commission (the "Commission"). In March 1999, the Commission concluded that the ordinance is generally applicable to animals "that are temporarily kept in the house and placed outside on a permanent basis." (Def.'s Mem. Supp. Mtn. Dismissal Ex. 7.) Having obtained this clarification, the Officer promptly issued a warning notice to the plaintiffs detailing their noncompliance with section 4.1.4.e and requiring them to move the offending structure. The notice was followed by a cease and desist order on May 3, 1999. This was followed by a letter from the Commission to the plaintiffs in July 1999 explaining the Commission's interpretation of section 4.1.4.e and describing the process by which the zoning violation citation could be appealed. Plaintiffs chose not to appeal. As a result, the Town instituted enforcement proceedings.[1]

---

[1] The Town initiated an enforcement action in May 2000. During that action, testimony established that the plaintiffs were no longer using the structure at issue in the citation but were using a second structure that had been built on their property. Nonetheless, an injunction entered with respect to the first structure.
On July 24, 2000, the Town issued a cease and desist order regarding the second structure. Again, the plaintiffs did not appeal. On November 6, 2000, the Town instituted an enforcement action on the second order, resulting in a judicial order requiring plaintiffs to remove the structure by March 1, 2001. Plaintiffs complied with this order. However, they erected two new structures to house the goats.

On August 16, 1999, plaintiffs applied to the Zoning Board of Appeals (the "Board") for a variance from section 4.1.4.e. The application was denied. In August 2000, they again sought a variance from the Board. This request also was denied. However, the Board advised the plaintiffs that it was receptive to a renewed application proposing a location for the structure as "far back on the property as possible and away from the residential homes." (Def.'s Mem. Supp. Mtn. Dismissal Ex. 17).

On December 3, 2001, the Town Attorney sent a letter to the plaintiffs suggesting that they seek a temporary and conditional permit from the Commission pursuant to section 3.17 of the Zoning Regulations. The letter offered to stay any further enforcement proceedings while the plaintiffs applied for this type of permit.

Plaintiffs commenced this action in August 2003 without first applying for either the variance suggested by the Board or the permit suggested by the Town Attorney.

## II. Discussion

Plaintiff's equal protection claim is not ripe for adjudication because they have not obtained a final, definitive position from the Town concerning the permitted use of the property. See Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186 (1985); Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 353 (2d Cir. 2005). As the Court of Appeals explained in Murphy, requiring a property owner to obtain a final

3

decision from a local land use authority before resorting to court tends to ensure a fuller factual record, clarifies how the regulation is being applied, affords the parties an opportunity to resolve the matter without the need for a ruling by a court on a constitutional issue, and reflects the judiciary's recognition that land use disputes are "uniquely matters of local concern more aptly suited for local resolution." See Murphy, 402 F.3d at 348.

Plaintiffs point out that they have already filed two applications for relief from section 4.1.4.e. and urge me to conclude that it would be unreasonable to require them to do more. It must be recognized, however, that they have not applied for a variance or a permit despite being encouraged to do so by local authorities in terms strongly suggestive of an attitude of flexibility on the part of the Town.

Accordingly, the motion to dismiss [doc. # 48] is hereby granted. Judgment will enter for the defendant dismissing the complaint without prejudice.

So ordered.

Dated at Hartford, Connecticut this 31st day of March 2007.

_____/s/_____
Robert N. Chatigny
United States District Judge